UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA LEE CLARK,

    Plaintiff,

v.                                                                                              Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,                    Case No. 1:19-cv-1089

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **affirm** the Commissioner's decision.

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and his findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Dept. of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff previously appealed to this Court Administrative Law Judge (ALJ) James Kent's August 1, 2016 determination that she was not disabled in her application for DIB and SSI. On September 4, 2018, Judge Maloney adopted Magistrate Judge Carmody's August 6, 2018 Report

and Recommendation recommending that the Court vacate the Commissioner's decision and remand the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). *Clark v. Comm'r of Soc. Sec.*, No. 1:17-cv-821, 2018 WL 4214340 (W.D. Mich. Aug. 16, 2018), *report and recommendation adopted*, 2018 WL 4208666 (W.D. Mich. Sept. 4, 2018). As explained in the Report and Recommendation, the matter was remanded for consideration of "handling and fingering limitations":

> Treatment notes dated September 24, 2015, indicate that Plaintiff was experiencing pain in her wrists and hands. (PageID.446). An examination of Plaintiff's wrists revealed painful range of motion. (PageID.448). Treatment notes dated October 23, 2015, indicate that Plaintiff was suffering from DeQuervain's tenosynovitis in both hands. (PageID.685). The doctor noted that this condition was "increasing [in] severity." (PageID.685). On December 19, 2015, Plaintiff underwent surgery on her right wrist. (PageID.695). Treatment notes dated December 31, 2015, indicate that Plaintiff was experiencing stiffness and 7/10 pain in her right wrist/hand. (PageID.695).
>
> In short, Plaintiff was diagnosed with a painful condition afflicting both of her hands which necessitated surgery. There is no evidence in the record that this surgery was successful in reducing Plaintiff's pain or symptoms. It is not reasonable to conclude, as the ALJ did, that this impairment imposes no limitations on Plaintiff's ability to use her hands and fingers to perform work-related activities. Accordingly, the undersigned concludes that the ALJ's RFC determination is not supported by substantial evidence.

*Id.* at *6 (footnote omitted).

On March 15, 2019, the Appeals Council vacated ALJ Kent's August 1, 2016 decision and remanded the case to him for further proceedings consistent with Judge Maloney's Order and Judgment. The Appeals Council also directed ALJ Kent to consolidate Plaintiff's remanded claim with her subsequent claim for DIB filed on August 25, 2017. (PageID.275.)

On July 24, 2019, ALJ Kent held a second hearing at which Plaintiff and Roxane L. Minkus, an impartial vocational expert, testified. (PageID.149–90.) On August 29, 2020, ALJ Kent issued a written decision concluding that Plaintiff had not been under a disability from June 14, 2013, through the date of the decision. (PageID.126–142.)

3

Because Plaintiff's case was previously remanded by a federal court, she was not required to seek review before the Appeals Council. *See Guidry v. Colvin*, No. 16-47-RLB, 2016 WL 6540450, at *3 (M.D. La. Nov. 2, 2016) ("When an ALJ renders a decision on a judicially remanded application, an unhappy claimant is not required to first seek review before the Appeals Council.") (citing 20 C.F.R. § 404.984(a)). "Rather, if a claimant does nothing, the ALJ's decision will automatically become the Commissioner's final decision unless the Appeals Council chooses to assume jurisdiction on its own." *Id.* (citing 20 C.F.R. § 404.984(a)). The Appeals Council has sixty days to assume jurisdiction, 20 C.F.R. §§ 404.984(c), 416.1483(c), and if, after sixty days, the claimant has not filed exceptions and the Appeals Council has not assumed jurisdiction, the ALJ's decision becomes final. 20 C.F.R. §§ 404.984(d), 416.1484(d). Because Plaintiff did not file exceptions, and the Appeals Council did not assume jurisdiction, ALJ Kent's August 19, 2019 decision became the Commissioner's final decision.

Plaintiff initiated this civil action for judicial review on December 27, 2019.

### Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 14, 2013, the ALJ found that Plaintiff suffered from the following severe impairments: (1) arthritis; (2) gout; (3) osteoarthritis; (4) bilateral foot surgeries; (5) knee surgeries; (6) carpal tunnel surgeries; (7) cervical spine fusion surgery; (8) degenerative changes of the thoracic spine, lumbar spine, and sacrum with stenosis of the lumbar spine; (9) fibromyalgia; (10) exogenous obesity; (11) sleep apnea with adenoidectomy and continuous airway pressure therapy; (12) high cholesterol; (13) hypertension; (14) varicose veins with

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

phlebectomies; (15) diabetes mellitus; (16) thyroid disease with goiter; (17) tension type headaches; and (18) peripheral neuropathy. (PageID.128.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.31–32.) The ALJ considered Listings 1.02 (hands, knees and feet), 1.04 (neck, middle, and lower back), 4.11 (varicose veins), and 11.14 (peripheral neuropathy). (PageID.130–32.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), as follows:

> [T]he claimant can never climb ladders. She can occasionally balance, kneel, stoop, crouch, and crawl. The claimant must have the option to alternate between sitting and standing "at will," provided she is not "off task" for more than 10 percent of the work period due to positional changes that may occur roughly every 30 minutes. In terms of her hands, the claimant's grip strength is intact. She can pick up a coin, write with a pencil, use a phone, button clothing, and tie her shoes. The claimant can frequently push, pull, handle, and finger.

(PageID.132.)

At step four, the ALJ determined that Plaintiff could perform her past relevant work as a receptionist as it is generally performed at the "sedentary" level. (PageID.141–42.)

## Discussion

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence, in particular, with regard to his finding that Plaintiff could frequently finger and handle and that the ALJ failed to build a logical bridge the medical record and his RFC finding that Plaintiff could frequently handle and finger.

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a

6

claimant's RFC represents his ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3). While the ALJ makes the RFC determination, that determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

The ALJ's RFC determination, including his determination that Plaintiff could frequently handle and finger, is supported by substantial evidence in the record. Plaintiff's alleged onset date was June 14, 2013. Between that time and the summer or fall of 2015, Plaintiff had not sought treatment for complaints relating to her arms, hands, wrists, or fingers. In October 2014, consultative examiner Scott R. Lazzara, M.D., examined Plaintiff and noted negative Tinel's sign bilaterally, intact grip strength and sensation, full range of motion of the wrists, hands, and fingers. He also noted that Plaintiff could pick up a coin, button clothing, and open a door. (PageID.686, 688.) In October 2014, State Agency Examiner Glen Douglass, M.D., found that Plaintiff had no manipulative limitations. (PageID.237.)

Plaintiff first complained about swelling in her fingers on May 29, 2015. (PageID.703.) The provider made no findings specific to Plaintiff's hands or fingers. (PageID.703.) On September 24, 2015, Plaintiff complained of wrist pain. (PageID.693.) The provider reported normal range of motion, strength and tone, pain with range of motion in both wrists, negative Tinel's sign, and normal grip strength. (PageID.695.) The provider directed Plaintiff to "[w]ear bilateral cock-up wrist splints as directed." (*Id.*) From October through December 2015, Daniel Garcia, M.D., treated Plaintiff for complaints of bilateral hand pain and diagnosed de Quervain's tenosynovitis. (PageID.935–36.) Dr. Garcia administered cortisone injections. (PageID.935, 929,

7

940.) In December 2015, Dr. Garcia performed a release of the first extensor compartment of the right wrist. (PageID.942.) At the post-surgery appointment, Dr. Garcia noted that Plaintiff had minimal discomfort and mild swelling. Dr. Garcia encouraged Plaintiff to work on hand and wrist range of motion. (PageID.944–45.)

The record contains no further positive findings regarding Plaintiff's arms, hands, or wrists until July 23, 2018, when Tim Spencer, D.O., noted mild weakness and decreased sensation in both arms, although a clonus test was negative, Hoffman's and Trommer's signs were negative, and Tinel's and Phalen's tests were negative, all bilaterally. (PageID.1025–26.) Dr. Spencer reported similar findings in August and September of 2018. (PageID.1011–12, 1018–19.) Plaintiff reported no further complaints relating to her upper extremities until February 26, 2019, when she saw Paul Park, M.D., for diffuse arm symptoms and neuropathic pain/numbness involving her hands. (PageID.1140.) Dr. Park noted normal strength overall and decreased sensation in the right verses the left extremities. (PageID.1144.) He diagnosed her condition as persistent neck and upper back pain as well as extremity pain and weakness of unclear etiology. (PageID.1144.)

Plaintiff contends that the ALJ should have found her more limited than he did. She argues that the ALJ misunderstands carpel tunnel syndrome (ECF No. 15 at PageID.1182), and asks "how could one who requires a cock-up splint on each hand/wrist handle and finger effectively throughout the workday?" (*Id.* at PageID.1186.) But with the exception of several months during 2015 in which Dr. Garcia treated Plaintiff for exacerbation of her carpal tunnel syndrome and de Quervain's tenosynovitis, including performing surgery, the medical record shows that Plaintiff sought only intermittent treatment for upper extremity issues during the relevant period. The ALJ explained that "[t]he evidence supports my finding the claimant is

8

limited to sedentary level tasks with limited fingering, pushing, and pulling," and that "there are no persuasive statements of limitations by the claimant's treating sources supporting the extent of limitation alleged by the claimant." (PageID.136, 138.) This analysis was proper and consistent with SSR 16-3p. *See* 2017 WL 5180304, at *9 (Oct. 25, 2017) ("[If] the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record."). Moreover, the sole reference in the record to cock-up splints is the September 24, 2015 treatment note, in which the provider advised Plaintiff to wear them. (PageID.695.) Plaintiff cites nothing in the record indicating that she wore cock-up splints on a regular basis during the period at issue.

      In short, Plaintiff's challenge to the ALJ's findings amounts to a request to re-weigh the evidence, which the Court cannot do. *Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence. That is solely the province of the Secretary.") (citing *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975)); *see also Rumsey v. Comm'r of Soc. Sec.*, No. 1:17-cv-749, 2018 WL 4346823, at *4 (W.D. Mich. Aug. 13, 2018), *report and recommendation adopted*, 2018 WL 4334624 (W.D. Mich. Sept. 11, 2018) ("The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence.") (citing *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012)).

**Conclusion**

For the reasons stated above, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

An order consistent with this opinion will enter.

Dated: March 2, 2021                                             /s/ Sally J. Berens
                                                                                               SALLY J. BERENS
                                                                                               U.S. Magistrate Judge